IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. _____ |
| v. | ) ) ) | |
| AIZANT DRUG RESEARCH SOLUTIONS PRV. LTD., | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendant Aizant Drug Research Solutions Pvt. Ltd. ("Aizant"), hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent No. 10,258,637.

**THE PARTIES**

2.      Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.      Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4.      Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5.      BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.      On information and belief, Defendant Aizant Drug Research Solutions Pvt. Ltd. ("Aizant") is a company organized and existing under the laws of India, having a principal place of business at Sy No. 172 & 173, Apparel Park Road, Dulapally Village, Quthbullapur Mandal, Hyderabad - 500014, India.

7.      On information and belief, Aizant is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware.

8.      On information and belief, Aizant prepared and submitted ANDA No. 212322 (the "Aizant ANDA") for Aizant's 10 mg and 25 mg empagliflozin tablets (the "Aizant ANDA Products"). Following FDA approval of the Aizant ANDA, Aizant will manufacture, market, and sell the Aizant ANDA Products throughout the United States, including within the state of Delaware.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this Court because, among other things, Aizant is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER AIZANT

11.     Plaintiffs reallege paragraphs 1-10 as if fully set forth herein.

12.     On information and belief, Aizant develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

13.     This Court has personal jurisdiction over Aizant because, *inter alia*, Aizant, on information and belief: (1) has substantial, continuous, and systematic contacts with this State; (2) intends to market, sell, and/or distribute Aizant infringing ANDA Products to residents of this State upon approval of ANDA No. 212322; and (3) enjoys substantial income from sales of its generic pharmaceutical products in this State.

3

14.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Aizant, this Court may exercise jurisdiction over Aizant pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Aizant would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Aizant has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aizant satisfies due process.

## BACKGROUND

### U.S. PATENT NO. 10,258,637

15.     On April 16, 2019, the USPTO duly and legally issued United States Patent No. 10,258,637 ("the '637 patent") entitled "Pharmaceutical Composition, Method for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '637 patent is attached as Exhibit 1. The '637 patent is assigned to BII. BIC and BIPI are licensees of the '637 patent.

### JARDIANCE®

16.     BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

17.     JARDIANCE® is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") as having New Chemical Exclusivity until August 1, 2019.

18.    Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '637 patent is listed in the Orange Book with respect to JARDIANCE®.

19.    The '637 patent covers the use of the JARDIANCE® product.

## ACTS GIVING RISE TO THIS ACTION

## CLAIM FOR RELIEF — INFRINGEMENT OF THE '637 PATENT

20.    Plaintiffs reallege paragraphs 1-19 as if fully set forth herein.

21.    On information and belief, Aizant submitted the Aizant ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Aizant ANDA Products.

22.    Aizant has represented that the Aizant ANDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to Aizant, demonstrate the bioavailability or bioequivalence of the Aizant ANDA Products and JARDIANCE®.

23.    Plaintiffs received a letter from Aizant on or about June 24, 2019, stating that Aizant had included certifications in the Aizant ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '637 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Aizant ANDA Products (the "Aizant Paragraph IV Certification"). Aizant intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Aizant ANDA Products prior to the expiration of the '637 patent.

24.    Aizant has infringed at least one claim of the '637 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Aizant ANDA, by which Aizant

seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Aizant ANDA Products prior to the expiration of the '637 patent.

25.    Aizant has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Aizant ANDA Products in the event that the FDA approves the Aizant ANDA. Accordingly, an actual and immediate controversy exists regarding Aizant's infringement of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

26.    Aizant's use, offer to sell, or sale of the Aizant ANDA Products in the United States during the term of the '637 patent would further infringe at least one claim of the '637 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

27.    On information and belief, Aizant's ANDA Products, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '637 patent either literally or under the doctrine of equivalents.

28.    On information and belief, the use of Aizant's ANDA Products constitutes a material part of at least one of the claims of the '637 patent; Aizant knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

29.    On information and belief, the offering to sell or sale of Aizant's ANDA Products would contributorily infringe at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

30. On information and belief, Aizant had knowledge of the '637 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

31. On information and belief, the offering to sell or sale of Aizant's ANDA Products by Aizant would actively induce infringement of at least one of the claims of the '637 patent, either literally or under the doctrine of equivalents.

32. On information and belief, Aizant does not deny that the Aizant Empagliflozin/Linagliptin Products will infringe at least certain claims of the '637 patent and in the Aizant Paragraph IV Certification, Aizant did not deny that the Aizant ANDA Products will infringe certain claims of the '637 patent.

33. Plaintiffs will be substantially and irreparably harmed if Aizant is not enjoined from infringing the '637 patent.

34. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Mankind and for the following relief:

a. A Judgment be entered that Aizant has infringed at least one claim of the '637 patent by submitting the Aizant ANDA;

b.   A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

c.   That Aizant, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial, use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the '637 patent, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '637 patent or such other later time as the Court may determine;

d.   A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Aizant's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiratio dates of the '637 patent, including any extensions;

e.   That Boehringer be awarded monetary relief if Aizant commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or any other product that infringes or induces or contributes to the infringement of the  '637 patent, within the United States, prior to the expiration of this patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f.   Costs and expenses in this action; and

g.    Such other and further relief as the Court deems just and appropriate.

8

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

August 9, 2019

9